UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARIO A. ESPINOSA and ROSE T. ESPINOSA**                    **PLAINTIFFS**

**V.**                                  **CIVIL ACTION NO.1:06CV896 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**                    **DEFENDANT**

## MEMORANDUM OPINION and ORDER
## GRANTING DEFENDANT'S MOTION FOR JUDICIAL ESTOPPEL

The Court has before it the motion [105] of Defendant Nationwide Mutual Fire Insurance Company (Nationwide) asking the Court to determine whether the plaintiffs' acceptance of $250,000 in flood insurance benefits constitutes a judicial admission that their residential property sustained at least $250,000 in flood damage.

It is undisputed that at the time of Hurricane Katrina the plaintiffs' residential property was insured under both a flood insurance policy (issued under the National Flood Insurance Act) and a homeowners policy issued by Nationwide. The types of damage insured under these two policies are mutually exclusive. The flood policy insures only damage caused by flooding, and the homeowners policy excludes damage caused by flood waters. A property owner who is insured under both a flood policy and a homeowners policy may be entitled to all or part of each of these coverages, depending on which storm force or forces damaged his property and also depending on the extent of his total losses.

The indemnity principle limits the property owner's total recovery to the amount of his loss, i.e. the property owner can collect no more, from all of his available insurance coverages, than the amount necessary to fully compensate him for the damage to his insured property.

Insurance coverages of both types (flood and homeowners) carry stated limits of liability.  These stated limits of coverage may be enhanced by other policy provisions related to rebuilding costs, inflation, or other factors.  Once these enhancements are taken into consideration, the policy limits of liability, considered along with the total amount of the damage to the covered property, establish the maximum amount a property owner may recover.  The maximum total recovery will always be the lesser of the amount of the loss or the amount of coverage available from all sources.

While recovery of flood insurance benefits does not offset or reduce a property owner's coverage under a homeowners policy, that recovery does reduce the amount of the policy holder's total loss.  Once a property holder has accepted flood insurance benefits, his total loss is reduced by the amount of the flood insurance payment.  While the property owner is still free to look to his homeowners coverage to collect additional damages covered by that policy, he is not free to claim compensation under the homeowners policy without taking into consideration the amounts already paid under the flood policy.

In the context of litigation between the property owner and the company that has issued his homeowners policy, the homeowner can collect no more than his homeowners policy's limit of coverage (including all applicable enhancements) or the balance of his loss after taking his flood insurance payments into consideration, whichever is less.

In this action, Plaintiffs Mario and Rose Espinosa, having accepted flood insurance benefits of $250,000, have admitted that at least $250,000 of the damage done to their insured property was attributable to flood damage.  The plaintiffs' total

losses have thus been reduced by $250,000.  In order to establish their right to recover the limits of liability under their Nationwide homeowners policy, the plaintiffs must prove, by a preponderance of the evidence, that they have sustained losses covered by the Nationwide homeowners policy in excess of this $250,000 that are equal to or greater than their Nationwide homeowners policy limits.  *Letoha v. Nationwide Ins. Co.*, 1:06cv1009 LTS-RHW, 2006 WL 3538862 (S.D.Miss.); *Palmer v. State Farm Fire & Casualty Co.,* 1:07cv039 LTS-RHW, 2007 WL 1459391 (S.D.Miss.)*; Sima Signature Lake, L.P. v. Certain Underwriters of Lloyds London*, 1:06cv186 LTS-RHW, 2006 WL 3538862 (S.D.Miss.)

To this extent, the Nationwide motion [105] for judicial estoppel is hereby **GRANTED**.

The defendant's motion [142] to strike the plaintiffs' rebuttal to this motion is hereby **DENIED AS MOOT**.

**SO ORDERED** this 30th day of January, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE